**The relief described hereinbelow is SO ORDERED.**

**Signed January 29, 2021.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GOURDOUGH'S HOLDINGS, LLC., | § | CASE NO. 20-10720-hcm |
| GOURDOUGH'S, LLC., and | § | CASE NO. 20-10721-hcm |
| GOURDOUGH'S PUBLIC HOUSE, LLC. | § | CASE NO. 20-10722-hcm |
| Jointly Administered Debtors[1] | § | (Chapter 11, Subchapter V) |
| | § | (Jointly Administered under |
| | § | Case NO. 20-10720-hcm) |

**ORDER CONFIRMING FIRST**
**AMENDED PLAN OF REORGANIZATION (CONSENSUAL UNDER § 1181(A))**

On January 28, 2021, the Court conducted a hearing on confirmation of the Amended

Plan of Reorganization dated December 11, 2020 ("Plan") (Dkt.#147) filed by Gourdough's

Holdings, LLC ("Holdings"), Gourdough's, LLC ("Trailer"), and Gourdough's Public

House, LLC ("Gourdough's PH") (collectively, the "Debtors"). A copy of the Plan is attached

hereto as Exhibit A. This Court having considered the testimony and evidence presented and

---

[1] The last four digits of each Debtor's federal tax identification number are: Gourdough's Holdings, LLC (5480), Gourdough's, LLC (2197), and Gourdough's Public House, LLC (5778). The Debtors' mailing address is 4618 Englewood Dr. Austin, Texas 78745.

reviewed the Plan and, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby,  and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Court, in addition to the findings of fact and conclusions of law set forth by the Court in its oral ruling on the record at the hearing on January 28, 2021, hereby FINDS, ADJUDGES, AND DECREES THAT[2]:

## I.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.     JURISDICTION AND VENUE.

1.     The Debtors commenced this chapter 11 case (the "Chapter 11 Case") on June 26, 2020 (the "Petition Date") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Venue in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§1408 and 1409 and continues to be proper during the Chapter 11 Cases. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to § 157(b)(2)(L) of title 28 of the United States Code. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.     ELIGIBILITY FOR RELIEF.

---

[2] All capitalized terms used in this Confirmation Order shall have the meanings as defined in section 1.01 of the Plan, unless such terms are otherwise defined in this Confirmation Order.

2.      The Debtors are entities eligible for relief under § 109 and Subchapter V of the Bankruptcy Code.

**C.      JUDICIAL NOTICE.**

3.      The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the dockets of the Chapter 11 cases maintained by the clerk of the applicable court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the applicable court during the pendency of the Chapter 11 cases.

**D.      TRANSMITTAL AND MAILING OF MATERIALS; NOTICE.**

4.      Due, adequate, and sufficient notice of the Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, has been given and no other or further notice is or shall be required.

**E.      SOLICITATION.**

5.      Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with § 1126 of the Bankruptcy Code, Bankruptcy Rule 3018, and all other applicable provisions of the Bankruptcy Code. Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

**F.      VOTING CERTIFICATION.**

6.      The tabulation of the ballots was conducted in accordance with the Bankruptcy Code. As evidenced by the Ballot Summary filed by the Debtors, all voting classes of creditors voted to accept the Plan or the creditors in such classes have been provided their statutorily prescribed treatment under § 1129(a)(9)(C) and (D) of the Bankruptcy Code in the Plan and have not voted to reject and have not objected to the Plan.

**G.      COMPLIANCE WITH THE REQUIREMENTS OF § 1129 OF THE BANKRUPTCY CODE.**

7.    A plan proponent has the burden to prove the requirements for confirmation by a preponderance of the evidence. Here, the Debtors have satisfied their burden of proof with respect to confirmation of the Plan.

**(i)    SECTION 1129(a)**

8.    The Plan complies with all applicable provisions of § 1129(a) and § 1191(a) of the Bankruptcy Code with respect to each of the Debtors.

**(ii)    SECTION 1129(d)—PRINCIPAL PURPOSE OF THE PLAN IS NOT AVOIDANCE OF TAXES.**

9.    No Governmental Unit has requested that the Bankruptcy Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act. As evidenced by its terms, the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of § 1129(d) of the Bankruptcy Code.

**H.    SATISFACTION OF CONFIRMATION REQUIREMENTS.**

10.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in § 1129 and Subchapter V of the Bankruptcy Code.

**I.    GOOD FAITH.**

11.    The Debtors and their principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

**J.    IMPLEMENTATION.**

12.    All documents and agreements necessary to implement the Plan and all other

relevant and necessary documents have been negotiated in good faith, at arm's length, and are in the best interests of the Debtors and the Reorganized Debtors and shall, upon completion of documentation and execution be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

## II.  ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

### A.  ORDER.

13.     This Confirmation Order confirms the Debtors' Amended Plan dated December 11, 2020 (herein "Plan") under § 1191(a) of the Bankruptcy Code.

### B.  FINDINGS OF FACT AND CONCLUSIONS OF LAW.

14.     The findings of fact and the conclusions of law stated in this Confirmation Order, in addition to the findings of fact and conclusions of law set forth by the Court in its oral ruling on the record at the hearing on January 28, 2021, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

### C.  CONFIRMATION OF THE PLAN.

15.     The Plan and each of its provisions are confirmed in each and every respect pursuant to §§ 1191 & 1129 of the Bankruptcy Code. The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtors are authorized and approved as finalized, executed, and delivered. Without further order or

authorization of the Bankruptcy Court, the Debtors are authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan. As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

16.    The terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

### D.    NOTICE OF ENTRY OF THE CONFIRMATION ORDER.

17.    In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtors shall serve the notice of confirmation, notice of the Effective Date of the Plan and notice of all bar dates and deadlines set forth in the Plan by CM/ECF; United States mail, first class postage prepaid; by hand; or by overnight courier service to all parties having been served with the Confirmation Hearing Notice, including the holders and guarantors of PPP loans treated in sections 7.03.01 and 7.04.01 of the Plan. Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

18.    The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

19.     <u>Discharges, Releases, and Injunctions</u>.  The discharge, releases, and injunctions, moratoriums, limitations of liability, and covenants not to sue set forth in the Plan, are approved and authorized in their entirety.

20.     **EXCEPT AS OTHERWISE PROVIDED IN THIS CONFIRMATION ORDER, THE PLAN, OR BY ORDER OF THE BANKRUPTCY COURT, UPON CONFIRMATION OF THE PLAN (AND FROM AND AFTER THE EFFECTIVE DATE) ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR LIENS AGAINST, OR EQUITY INTERESTS IN, THE DEBTOR OR ITS PROPERTIES ARE PERMANENTLY RESTRAINED AND ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE ESTATES, THE DEBTORS, AND/OR THE REORGANIZED DEBTORS:  (A) COMMENCING OR CONTINUING, IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY CLAIM AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR RESPECTIVE ASSETS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING ON ACCOUNT OF ANY CLAIM BY ANY MANNER OR MEANS, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE REORGANIZED DEBTORS OR THE ASSETS, EXCEPT PURSUANT TO AND IN ACCORDANCE WITH THE PLAN; (C) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST EITHER THE ASSETS OR THE REORGANIZED DEBTORS; (D) ASSERTING ANY CONTROL OVER, INTEREST, RIGHTS OR TITLE IN OR TO ANY OF THE ASSETS, EXCEPT AS PROVIDED IN THE PLAN; (E) ASSERTING ANY SETOFF OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE THE REORGANIZED DEBTORS**

**AS ASSIGNEES, EXCEPT UPON LEAVE OF THE BANKRUPTCY COURT OR EXCEPT AS AUTHORIZED BY BANKRUPTCY CODE SECTION 553; AND/OR (F) PERFORMING ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN; PROVIDED, HOWEVER, THAT THIS INJUNCTION SHALL NOT BAR ANY CREDITOR FROM ASSERTING ANY RIGHT GRANTED PURSUANT TO THE PLAN; AND PROVIDED FURTHER, HOWEVER, THAT EACH HOLDER OF A CONTESTED CLAIM SHALL BE ENTITLED TO ENFORCE ITS RIGHTS UNDER THE PLAN, INCLUDING SEEKING ALLOWANCE OF ITS CONTESTED CLAIM PURSUANT TO THE PLAN.**

   E.  <u>**BINDING EFFECT.**</u>

   21.  Notwithstanding Bankruptcy Rules 3020(e), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, and any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

   22.  The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

### F.    MISCELLANEOUS PROVISIONS

23.    <u>Cure Payment to Huaylas, LLC.</u> The solicitation and notice of the Plan included the Debtors' intent to assume Executory Contracts and Unexpired Leases. Incorporated therein, Debtors would be required to cure any monetary defaults to the respective counterparties in connection with the assumed contracts or unexpired lease (the "Cure Payment"). Huaylas, LLC, the landlord for Gourdough's PH, identified a previously unknown lease deficiency of $3,608 for property taxes due in December 2019. Pursuant to this Confirmation Order, Gourdough's PH shall pay the cure amount of $3,608 on or within 7 days of the entry of this Confirmation Order to Huaylas, LLC. Gourdough's PH's payment of the $3,608 will resolve any and all outstanding monetary defaults with respect to the lease with Huaylas, LLC. For the period beginning with the entry of this Confirmation Order and running until the date that is 8 days after the entry of this Confirmation Order, Huaylas, LLC is hereby barred and enjoined from asserting in any notice, forum, court, or proceeding an allegation that Gourdough's PH has defaulted under its lease agreement with Huaylas, LLC on account of any alleged monetary or non-monetary default arising prior to the entry of this Confirmation Order. If Gourdough's PH makes the $3,608 payment within the required time frame as set forth above, then Huaylas, LLC shall be forever barred and enjoined from thereafter asserting in any notice, forum, court, or proceeding an allegation that Gourdough's PH has defaulted under its lease agreement with Huaylas, LLC on account of any alleged monetary or non-monetary default arising prior to the entry of this Confirmation Order.

24.    Notwithstanding the provisions of Section 7.02 of the plan, the Comptroller's claims will bear interest at the rate of 4.25% per annum rather than 5.75% per annum.

### G.    SPECIAL SUBCHAPTER V PROVISIONS

25.     The Plan is confirmed pursuant to 11 U.S.C. § 1191(a) as a consensual Plan for each of the Debtors. The Reorganized Debtors shall act as Disbursing Agents and will be responsible for making all payments to creditors and other parties in interest under the Plan.

26.     Upon substantial consummation of the Plan, the duties of the Subchapter V trustee ("Trustee") in the Debtors' bankruptcy cases shall terminate as provided under 11 U.S.C. § 1183(c)(1).

27.     No later than 14 days after the Plan is substantially consummated, the Debtors shall file with the Court and serve upon the Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

28.     On the Effective Date of the Plan, the Debtors shall be and are hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that the Debtors will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

29.     On the Effective Date of the Plan, property of the bankruptcy estates of each of the respective Debtors shall vest in each of the respective Reorganized Debtors under 11 U.S.C. § 1141(b). If any of the Debtors' bankruptcy cases are subsequently converted to Chapter 7, all property of the respective Reorganized Debtor in the converted case shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

30.     The Effective Date of the Plan shall be February 12, 2021, notwithstanding anything to the contrary in the Plan.

**H.     FINAL CONFIRMATION ORDER.**

31.     This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

IT IS SO ORDERED.

10

###

APPROVED:

_/s/ Todd Headden_____
Todd Headden
HAYWARD PLLC
901 Mopac Expressway South
Building 1, Suite 300
Austin, Texas 78746
737.881.7104
512.637.4958 (fax)
theadden@haywardfirm.com

_Counsel for the Debtors_

AND


_/s/ Eric Terry_____
Eric Terry
Eric Terry Law, PLLC
3511 Broadway
San Antonio, Texas 78209
210.468.8274
eric@ericterrylaw.com

_Subchapter V Trustee_

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GOURDOUGH'S HOLDINGS, LLC., | § | CASE NO. 20-10720-hcm |
| GOURDOUGH'S, LLC., and | § | CASE NO. 20-10721-hcm |
| GOURDOUGH'S PUBLIC HOUSE, LLC. | § | CASE NO. 20-10722-hcm |
| Jointly Administered Debtors[1] | § | (Chapter 11, Subchapter V) |
| | § | (Jointly Administered under |
| | § | Case NO. 20-10720-hcm) |

## FIRST AMENDED PLAN OF REORGANIZATION

**COMES NOW** Gourdough's Public House, LLC, Gourdough's, LLC, and Gourdough's

Holdings, LLC, (collectively, the "Debtors"), as debtors in possession in these Bankruptcy Cases

and pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") propose

the following Plan of Reorganization dated December 11, 2020 (the "Plan").

DEFINITIONS AND USE OF TERMS

    **1.01**     **Defined Terms**. Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this Section 1.01.

  **(a)** **Administrative Expense Claim** means an administrative expense or Claim described in 11 U.S.C. § 503, that arose on or after June 22, 2020 in the Bankruptcy Cases and that is entitled to administrative priority under to 11 U.S.C. § 507(a)(1), including but not limited to Claims for compensation of professionals made pursuant to 11 U.S.C. §§ 330 and 331, and all fees and charges assessed against the Debtors and the Debtors' property under 28 U.S.C. § 1930.

  **(b)** **Allowed Claim** means either: (i) a Claim against the Debtor or its property that is allowable under the Bankruptcy Code to the extent that a proof of claim, proof of interest, or request for payment was timely filed or, with leave of the Bankruptcy Court, was late filed and as to which no objection has been filed or, if an objection has been filed, is allowed by a Final Order, unless otherwise provided in this Plan, or (ii) a Claim against the Debtor or its property that is scheduled and not listed as disputed, contingent or unliquidated, and as to

---

[1] The last four digits of each Debtor's federal tax identification number are: Gourdough's Holdings, LLC (5480), Gourdough's, LLC (2197), and Gourdough's Public House, LLC (5778). The Debtors' mailing address is 4618 Englewood Dr. Austin, Texas 78745.

which Claim no objection has been filed or, if an objection is filed, is allowed by a Final Order.

(c) **Bankruptcy Cases** means the above-captioned Chapter 11 cases pending in this Bankruptcy Court.

(d) **Bankruptcy Code** means the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

(e) **Bankruptcy Court** means the United States Bankruptcy Court for the Western District of Texas, Austin Division, or such other Court that may have jurisdiction with respect to Debtors' Bankruptcy Cases.

(f) **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. § 2075, and the Local Rules of the Bankruptcy Court, as applicable from time to time to the Debtors' Bankruptcy Cases.

(g) **Bar Date** means the dates subsequent to which proof of a pre-petition Claim against the Debtor may not timely be filed or, with respect to proofs of claims held by governmental agencies, the dates by which those must be filed. The Bar Date for government agencies' Claims is December 19, 2020 and the Bar Date for all other Claims is August 31, 2020.

(h) **Claim** means (i) any right to payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

(i) **Claimant** means any Person or entity having or asserting a Claim in any or all of the Bankruptcy Cases.

(j) **Class** or **Classes** mean all of the holders of Claims or Equity Interests that the Debtor has designated pursuant to 11 U.S.C. § 1123(a)(1) as having substantially similar characteristics as described in Articles VI and VII of this Plan.

(k) **Confirmation** means the entry by the Bankruptcy Court of the Confirmation Order.

(l) **Confirmation Date** means the date on which the Confirmation Order is entered.

(m) **Confirmation Order** means the order of the Bankruptcy Court confirming the Plan pursuant to 11 U.S.C. § 1191.

(n) **Contested Claim** means a Claim against the Debtors or their property that either (a) is listed in the respective Debtor's schedules of assets and liabilities as disputed, contingent or unliquidated; (b) is the subject of a pending action in a forum other than the Bankruptcy Court, unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (c) has had or is subject to a pending objection or request for estimation filed by the Debtor or by any other party in interest in accordance with the Bankruptcy Code and the Bankruptcy Rules.

(o) **Creditor** shall have the meaning specified by 11 U.S.C. § 101(9) of the Bankruptcy Code.

(p) **Debtors** means Gourdough's Holdings, LLC, Gourdough's, LLC, and Gourdough's Public House, LLC, Texas limited liability corporations, which are the debtors in possession in the Bankruptcy Cases.

(q) **Effective Date** means the fifteenth day after the Confirmation Order becomes a Final Order.

**(r)** **Estate** means the separate estates of the Debtors created pursuant to 11 U.S.C. § 541.

**(s)** **Equity Interests** means the interest of Paula Samford and Ryan Palmer, the Sole Members of the Gourdough's Holdings, LLC, and all rights associated therewith, and all Claims arising from or relating to such Equity Interests, including but not limited to Claims for rescission.

**(t)** **Final Order** means an order or judgment entered by the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties, as to which the time to appeal (generally, fourteen days after entry) has expired and as to which a stay pending appeal has not been granted.

**(u)** **General Unsecured Claim** means an Unsecured Claim that is not entitled to priority under 11 U.S.C. § 507(a).

**(v)** **Insider** has the meaning in § 101(31) of the Code. Insiders of the Debtors include, but are not necessarily limited to, Paula Samford and Ryan Palmer.

**(w)** **Lien** shall mean a contractual or statutory lien against or security interest in any Property of the Estate.

**(x)** **Person** means an individual, partnership, or corporation, but does not include a governmental unit unless the government unit acquires an asset as a result of operation of a loan guarantee agreement, or as receiver or liquidating agent, in which case such governmental unit shall be considered a Person for purposes of 11 U.S.C. § 1102.

**(y)** **Petition Date** means June 22, 2020 and is the date on which the Debtors filed their respective petitions for relief, commencing the Bankruptcy Cases.

**(z)** **Plan** means this Plan of Reorganization Dated December 11, 2020, as it may be amended, modified or supplemented by the Debtors from time to time as permitted herein and by the Bankruptcy Court.

**(aa)** **Priority Creditor** means a Creditor whose Claim is entitled to priority under 11 U.S.C. § 507.

**(bb)** **Property of the Estate** means all property in which the Debtors hold a legal or an equitable interest, including all property described in 11 U.S.C. § 541.

**(cc)** **Ordinary Course Professionals** means professionals hired by some or all of the Debtors pursuant to Court Order, including: Cloudbooks, LLC; Rachel M. Morgan PLLC; Texas Liquor Control.

**(dd)** **Reorganized Debtors** refers to the new entities that emerge following Confirmation of the Plan, which shall be entities with the same names as previously.

**(ee)** **Secured Claim** means any Claim secured by a Lien or other charge or interest in property in which the Debtors have an interest, to the extent of the value thereof as determined in accordance with 11 U.S.C. § 506(a).

**(ff)** **Secured Creditor** or **Secured Claimant** means any Claimant holding a Secured Claim.

**(gg)** **Unsecured Claim** means a Claim that is not a Secured Claim.

**(hh)** **Unsecured Creditor** or **Unsecured Claimant** means any Claimant holding an Unsecured Claim.

**1.02  Terms Defined in the Bankruptcy Code**. Capitalized terms not specifically defined in Section 1.01 of the Plan shall have the definitions, if any, given those terms in the Bankruptcy Code.

## ARTICLE II

### PLAN SUMMARY

**2.01** This Plan proposes to pay the Debtors' creditors from future income. This Plan provides for:

1 Class of Priority claims;

1 Class of Secured claims;

2 Class of General unsecured claims; and,

1 Class of Equity security holders.

**2.02** General unsecured creditors holding allowed claims will receive distributions, which will vary depending upon the respective Debtor and whether the plan is confirmed consensually or over a creditor's objection. If consensual, general unsecured creditors will receive a pro-rata share of $53,400 for Gourdough's LLC claims or a pro-rata share of $40,879 for Gourdough's Public House, LLC claims. If the Plan is confirmed over the objection of a creditor, Gourdough's LLC's general unsecured creditors will receive a pro-rata share of $44,100 while Gourdough's Public House, LLC's general unsecured creditors will receive a pro-rata share of $21,889. This Plan also provides for the payment of Administrative Expense Claims and priority claims.

**All creditors and equity security holders should refer to Articles 6 through 7 of this Plan for information regarding the precise treatment of their claim. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE III

### DESCRIPTION AND HISTORY OF DEBTORS' BUSINESSES

**3.01**  The Debtors began back in 2009 and created the current structure in 2014. The Debtors operate two locations serving donut-centric foods, and at the Gourdough's Public House location, alcoholic drinks, in addition to fulfilling catering requests. Gourdough's Holdings, LLC operates out of the office at 4618 Englewood Dr., Austin, TX 78745, while Gourdough's LLC operates out of a food truck located at 1503 South 1st Street, Austin, TX 78701 and Gourdough's Public House, LLC operates a restaurant at 2700 South Lamar Blvd., Austin, TX 78704.

**3.02**  In 2017, the principals took an opportunity to expand the Gourdough's brand to the San Antonio River Walk. That entity, Gourdough's Riverwalk, LLC ("Riverwalk"), a wholly owned subsidiary of Gourdough's Public House, LLC, needed financing to facilitate the expansion and signed a promissory note for $1,250,000 (the "Riverwalk Note"). In addition to Riverwalk,

the Debtors signed the promissory note as borrowers. The cost to expand to San Antonio far exceeded the amount of the financing and the Debtors forwarded, transferred, or directly paid over $1,785,422 in expenses to support the Riverwalk.

**3.03** The major factors that led to Bankruptcy Cases were, in no particular order: 1) a series of audits by the Texas Comptroller for Mixed Beverage Sales Taxes; 2) arbitration brought by Grand Parkway Capital Fund, LP for the Riverwalk Note; and ultimately, 3) the economic downturn caused by the coronavirus pandemic. Both the food trailer and the restaurant were shut down for several weeks and when they reopened, they operated at a reduced capacity. Before filing the bankruptcy, both entities received governmental relief funds from the Payroll Protection Program ("PPP") which provided them with sufficient cash to reopen their doors during uncertain times.

**3.04** Since filing for Bankruptcy Protection, the Debtors have continued to operate the food trailer and the restaurant. Debtors had, collectively, 46 employees as of the Petition Date. During the pendency of the case, Debtors experienced steady revenues at their two locations with the restaurant's October 2020's sales closely tracking sales for October 2019. Gourdough's Public House hired a professional to challenge the Texas Comptroller's Mixed Beverage Audits and the Debtors engaged Grand Parkway Capital Fund in a Court-ordered settlement conference. As a result of those efforts, the secured claim of the Texas Comptroller reduced significantly while the largest unsecured creditor agreed to withdraw its proof of claim. Those efforts paired with no longer diverting funds for Riverwalk should return Debtors' businesses to profitability.

## ARTICLE IV

## MEANS OF IMPLEMENTATION AND ABILITY TO MAKE PLAN PAYMENTS

**4.01** **Continued Operations**. The Debtors, as reorganized, will retain all property of the Estates. The retained property shall be used and employed by the Debtors in the continuance of is food service business. In addition to an initial payment to the Administrative Expense Claims of $24,000 with $12,000 being contributed by Gourdough's Public House and $12,000 being contributed by Gourdough's LLC, the operating Debtors shall fund the Plan payments to Creditors from revenue that they receive from future business operations. Based upon the projection of profits from Debtors' business operations, the Debtors will have sufficient funds to use for payments to Creditors after Confirmation of the Debtors' plan. Paula Samford and Ryan Palmer shall continue serving as the managing members of Gourdough's Holdings, LLC and the Managers of Gourdough's, LLC and Gourdough's Public House, LLC.

**4.02** **Debtors' Financial Projections.** A detailed analysis of the Debtors' projected income and expenses is set forth on the Projected Cash Flow Statement attached as Exhibit "A". The Debtors' financial projections show that the Debtors will have sufficient projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the duration described in § 1191(c)(2).

**4.03** **Advance Payment of Claims.** Debtors may, in their own business judgment, make advance payments on Allowed Claims and must stay current on payments to all creditors under the plan.

**4.04    Consensual post-confirmation modification of plan terms**. Notwithstanding any provision set forth in this Plan, the Debtor and any particular Creditor provided for in this Plan may enter into any agreement(s) after confirmation which modifies that Creditor's treatment and payment terms, so long as such agreement is reduced to writing and signed by the respective Debtor's and consenting Creditor's authorized representatives. In such event, any modified agreement shall be deemed to supersede the terms of this Plan.

## ARTICLE V

## LIQUIDATION ANALYSIS

5.01    The Court must find that all creditors and equity interest holders will receive at least as much under the Plan as they would receive in a chapter 7 liquidation process. Debtors' liquidation analysis is attached to the Plan as Exhibit "B". The liquidation analysis assumes conversion of the Debtors' Chapter 11 cases to chapter 7 liquidation cases on December 10, 2020, wherein it is assumed that the United States Trustee would appoint a chapter 7 trustee to liquidate the Estates.

5.02    The liquidation analysis assumes the value that a chapter 7 trustee would obtain for the property of the Debtors in a hypothetical liquidation and reflects the Debtors' estimates on the potential recoveries for the different categories of property. The administrative expenses assumed therein consist of claims entitled to administrative expense priority under section 503 of the Bankruptcy Code, including the chapter 7 trustee's statutory fees, professional expenses in liquidating the estate, and chapter 11 administrative expenses to date.

## ARTICLE VI

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

Classification- Claims and Equity Interests are classified and treated as follows:

**6.01    Administrative Expense Claims**

Administrative Expense Claims consist of expenses incurred during the chapter 11 case, which are approved by the Bankruptcy Court and expenses incurred in operating the Debtors' business. Most Administrative Expense Claims consist of claims by professionals employed by the Debtors in the Bankruptcy Cases, which must be approved by the Bankruptcy Court. Other Administrative Expense Claims are claims arising post-petition which may have not been paid. The Debtors have paid and intend to continue to pay normal post-petition operating expenses as they become due in the ordinary course of business. Debtors are aware of the following Administrative Claims:

| SBRA Trustee- Eric Terry | Approximately $13,000 |
|---|---|
| Hajjar Peters LLP | Approximately $110,000 as of December 10, 2020. |

|  | Hajjar Peters, LLP currently has a retainer of $1,326. Estimated total fees of $120,000. |
| Cloudbooks, LLC (Bookkeeper) | $14,714.46 |
| Texas Liquor Control (Tax Consultant) | $4,500 |
| Rachel M. Morgan, PLLC (CPA) | $6,340 |

No Administrative Expense Claims (other than for the U.S. Trustee fees) shall be allowed except pursuant to Court order. Any application for allowance of an administrative expense claim shall be filed within 60 days after the Effective Date or shall be barred.

The Administrative Expenses of the Debtors' Chapter 11 case allowed pursuant to §503(b) of the Code and given priority pursuant to §507(a)(1) of the code have been or shall be paid the full amount of their court-allowed fees from either: a) the ongoing operations of the Debtors pursuant to entered orders for the Ordinary Course Professionals; b) a $24,000 payment from the Debtors upon the Effective Date of the Plan in the case of the SBRA V Trustee; or c) in the case of Debtors' Counsel, in part from the remaining balance of the $24,000 payment from the Debtors upon the Effective Date of the Plan and the remainder to be paid from monthly distributions by the Reorganized Debtors according to the Plan Payment Projections with a balance remaining after completion of plan payments. All Administrative Expense Claims will be paid only upon entry of an order from the Bankruptcy Court.

6.02    **Statutory Fees.** All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

## <u>ARTICLE VII</u>

### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

The following classes of claims are based upon the proofs of claims filed against the respective Debtors. Gourdough's Holdings, LLC, for its part, does not have any claims filed against it and therefore does not have any corresponding class of claims. This First Amended Plan of Reorganization provides for the payment of the General Unsecured Claims against Gourdough's, LLC and the secured, priority unsecured, and general unsecured claims of Gourdough's Public House, LLC.

7.01    **Class 1- IRS Priority Claim against Gourdough's Public House, LLC**. The Allowed Priority Claim of the IRS in the amount of $3,800.03 shall be paid in full in monthly installments with interest at 3.8% as set forth in the Plan Payment Schedule attached as Exhibit C. Class 1 is impaired by this Plan.

7.02    **Class 2- Texas Comptroller's Secured Claims against Gourdough's Public House, LLC**. The Secured Claims of the Comptroller of the State of Texas, filed in the aggregate amount of $100,386.42, shall be paid in full in monthly installments with interest at 5.75% per annum as set forth in the Plan Payment Schedule attached as Exhibit C. For the avoidance of doubt, Gourdough's Public House has challenged the audit underlying the Comptroller's claim and

reserves their rights to continue to such challenge, which may further reduce the amount of the claim. Class 2 is Impaired.

7.03 **Class 3- General Unsecured Claims against Gourdough's LLC**. Currently Allowed General Unsecured Claims of creditors against Gourdough's LLC, total $90,325, not including any amount from PPP loans not forgiven. The amounts of the claims in this class are based upon the Proofs of Claim filed, and disputes with creditors over the amounts of the claims. Gourdough's, LLC shall make monthly payments to Class 3 in accordance with the Plan Payment Schedule attached as Exhibit C.

**Distributions under a consensual plan:** If the Plan is confirmed without an objection and under the terms of 11 U.S.C. § 1191(a), Creditors holding General Unsecured Claims against Gourdough's, LLC shall receive a pro-rata share of any funds distributed to Class 3. Gourdough's, LLC estimates payments to Class 3 in a consensual plan will total $53,400.

**Distributions over a creditor's objection:** If the Plan is confirmed over a Creditor's objection under the terms of 11 U.S.C. § 1191(b) and a trustee is retained as a disbursing agent for the Confirmed Plan, then Creditor's holding General Unsecured Claims against Gourdough's, LLC shall receive a pro-rata share of any funds distributed to Class 4 minus the compensation to the trustee as disbursing agent which is estimated at 10%. Gourdough's, LLC estimates payments to Class 3 in a non-consensual plan will total $44,496.

**7.03.01 Treatment of PPP Loan:** Gourdough's, LLC received a loan under the Payroll Protection Program (the "PPP") for $84,034 prior to seeking relief under the bankruptcy code. Under the terms of the PPP, money used for certain expenses will be forgiven upon submission of the loan application. Gourdough's, LLC has not yet submitted the loan forgiveness application but anticipates completing the loan forgiveness application by April 1, 2021. Should any amount not be forgiven, such lender shall have, in accordance with Fed. Rule. Bankr. Proc. 3003, a deadline of July 1, 2021 to file a proof of claim against Gourdough's, LLC. If such a Claim is filed, it shall be treated as a Class 3 Allowed Claim.

Class 3 is Impaired.

**7.04 Class 4- General Unsecured Claims Against Gourdough's Public House, LLC**. Currently Allowed General Unsecured Claims of creditors against Gourdough's Public House, LLC total $145,810, not including any amount from PPP loans not forgiven. The amounts of the claims in this class are based upon the Proofs of Claim filed as of the claims Bar Date, and disputes with creditors over the amounts of the claims. Gourdough's Public House, LLC shall make monthly payments to Class 4 in accordance with the Plan Payment Schedule attached as Exhibit C.

**Distributions under a consensual plan:** If the Plan is confirmed without an objection and under the terms of 11 U.S.C. § 1191(a), Creditors holding General Unsecured Claims against Gourdough's Public House, LLC shall receive a pro-rata share of any funds distrusted to Class 4. Gourdough's Public House, LLC estimates payments to Class 4 in a consensual plan will total $40,879.

**Distributions over a creditor's objection:** If the Plan is confirmed over a Creditor's objection under the terms of 11 U.S.C. § 1191(b) and a trustee is retained as a disbursing agent for the Confirmed Plan, then Creditor's holding General Unsecured Claims against Gourdough's Public House, LLC shall receive a pro-rata share of any funds distributed to Class 4 minus the compensation to the trustee as disbursing agent which is estimated at 10%. Gourdough's Public House, LLC estimates payments to Class 4 in a non-consensual plan will total $24,270.

**7.04.01 Treatment of PPP Loan:** Gourdough's Public House, LLC received a loan under the Payroll Protection Program (the "PPP") for $216,816 prior to seeking relief under the bankruptcy code. Under the terms of the PPP, money used for certain expenses will be forgiven upon submission of the loan application. Gourdough's Public House, LLC has not yet submitted the loan forgiveness application but anticipates completing the loan forgiveness application by April 1, 2021. Should any amount not be forgiven, such lender shall have, in accordance with Fed. Rule. Bankr. Proc. 3003, a deadline of July 1, 2021 to file a proof of claim against Gourdough's Public House, LLC. If such a Claim is filed, it shall be treated as a Class 4 Allowed Claim.

Class 4 is Impaired.

**7.05 Class 5 Interests- Allowed Equity Interests in the Debtors**

The equity interest holders in Gourdough's Holdings, LLC, Ms. Paula Samford and Mr. Ryan Palmer, will retain their interests in Gourdough's Holdings, LLC.

Gourdough's Holdings, LLC, which is the sole member of Gourdough's LLC, will retain its interest in that entity.

The equity interest holders in Gourdough's Public House, LLC, Gourdough's Holdings, LLC (77.78%) and Mr. Tyler Browder (22.22%), will retain their interests in Gourdough's Public House, LLC.

## ARTICLE VIII

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**8.01    Delay of distribution on a Contested Claim**. No distribution will be made on account of a Contested Claim unless such claim is allowed by a Final Order.

**8.02    Settlement of Contested Claims**. The Debtors will have the power and authority to settle and compromise a Contested Claim with court approval and compliance with Rule 9019 of the Federal Rules of Procedure.

**8.03    Filing Objections**. Objections to Claims may be filed with the Bankruptcy Court and served upon each holder of the Claims to which objections are filed not later than ninety (90) days after the Confirmation Date, unless such time period is extended by order of the Court. In the instance that a creditor files a Claim for any unforgiven amount of the PPP Loan, Debtors shall have 90 days from the filing date of the proof of claim to file any objection thereto. No distribution will be made on account of a Contested Claim unless and until such claim is allowed.

## ARTICLE IX

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**9.01** All executory contracts or unexpired leases, not otherwise assumed or rejected by the Debtor prior to confirmation of the Plan, are assumed by the Debtor under the Plan as of the Effective Date, except as otherwise provided under Treatment of Claims in the Plan. Without limitation, Debtors hereby identify the following unexpired leases as assumed:

I)- POS equipment lease with LCA Bank Corporation

**9.02** A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 45 days after the date of the order confirming this Plan.

## ARTICLE X

## CAUSES OF ACTION

**10.01 Potential Litigation**. The Debtor may have claims and causes of action against third parties and creditors as disclosed in the schedules arising prior to the Petition Date. These causes of action may be prosecuted by the Reorganized Debtors or enforced by way of setoff against Claims filed against an Estate. The Reorganized Debtors have sole discretion to prosecute any such litigation and to object to any Claims as they see fit.

Without limitation, however, the Debtors specifically preserve and/or retain the following claims:

1. Pending litigation against Jason A. D'Amato, Darla G. D'Amato, and Root Ventures, LLC, [2] Cause No. D-1-GN-19-008158 in the District Court for the 419th Judicial District of Travis County, Texas.

## ARTICLE XI

## GENERAL PROVISIONS

**11.01 Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**11.02 Binding Effect**. Pursuant to 11 U.S.C. § 1141, the provisions of the confirmed Plan shall bind the Reorganized Debtors, the Debtors' Creditors, and the holder of the Equity Interest in the Debtors, whether or not the Claim or Equity Interest is impaired under the Plan and whether or not such Creditor or Equity Interest holder has accepted the Plan.

---

[2] Pursuant to the Grand Parkway Settlement Agreement, Debtors agreed to dismiss their claims against D. Mark Tidwell and Grand Parkway Capital, LLC.

The Internal Revenue Service is bound by the provisions of the confirmed Plan and is barred under Section 1141 of the Bankruptcy Code from taking any collection actions against the Debtors for pre-petition claims during the duration of the Plan (provided there is no default as to the Internal Revenue Service). The period of limitations on collection remains suspended under 26 U.S.C. § 6503(h) for the tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the Internal Revenue Service have been made; or (2) thirty (30) days after the date of the demand letter (described in section 13.01) for which the debtor failed to cure the default.

**11.03  Permanent Injunction**. Confirmation of the Plan shall result in the issuance of a permanent injunction against the commencement or continuation of any judicial, administrative, or other action or proceeding on account of any Claims against the Reorganized Debtors. From and after Confirmation, all holders of Claims against the Debtors are permanently restrained and enjoined (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtors or the Reorganized Debtors or their assets; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Debtors or the Reorganized Debtors or their assets; (c) from creating, perfecting, or enforcing any encumbrance or any kind against the Debtors or the Reorganized Debtors or their assets; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Debtors or the Reorganized Debtors except as may be allowed under the Bankruptcy Code; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided, however*, that each holder of a Contested Claim may continue to prosecute its proof of claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce their rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan.

**11.05 Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**11.06  Controlling effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**11.07  Retention of Jurisdiction**. Until the Bankruptcy Cases are closed, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against the Debtor arising prior to the Confirmation Date, to hear and determine all causes of action that exist in favor of the Debtor that arise prior to the Confirmation Date (subject to applicable case law limiting such jurisdiction), to hear and determine all matters relating the administration of what was the Debtors' Estates, to modify the Plan, and to make such other orders as are necessary or appropriate to effectuate the provisions of the Plan in accordance with § 1142 of the Bankruptcy Code, including interpretation and implementation of the Plan and entry of a final decree.

**11.08  Vesting**. On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all Claims and Interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

**11.09  Headings**. The headings and captions used in the Plan are for convenience only and shall not be deemed to limit, amplify or modify the terms of this Plan nor affect the meaning thereof.

**11.10  Computation of Time**. In computing any time prescribed herein the provision of Fed. R. Bankr. P. 9006(a) shall apply.

## ARTICLE XII

## DISCHARGE

**12.01  Discharge.** If the Court confirms Debtors' Plan without objection, the Debtors will be discharged from pre-petition debts under § 1191(a), on the effective date of the Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Court confirms Debtors' Plan over a creditor's objection under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. Confirmation of the Plan will not discharge the Debtor from any debt: (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE XIII

## DEFAULT

**13.01 Default in Plan Payments**. If any Debtor fails to make a payment to a creditor pursuant to the terms of the Plan by the fifteenth day of the applicable month then such a failure shall constitute an event of default. If there is an event of default, a Creditor must deliver to the applicable Debtor a notice of default. Upon receipt of the notice of default, the applicable Debtor shall have 14 days to cure such default. A Creditor may, upon the occurrence of a third event of default and after three such notices of default, whether such defaults are cured or uncured, accelerate its Allowed Claim(s) and declare the outstanding amount of such Claim(s) to be immediately due and owing and pursue any and all available state and federal rights and remedies.

**13.02   Conversion to Chapter 7**. Conversion of the Bankruptcy Cases to Chapter 7 shall be an additional remedy for default.

**13.03 Default to Pay Post-Confirmation Taxes to the IRS**. The Debtors are required to stay current on all ongoing tax reporting/tax payments with the Internal Revenue Service. If the a Debtor defaults to the Internal Revenue Service (in the timely filing of any future tax return and/or the payment of any ongoing tax liability) this is an event of default to the Plan term agreement. The Internal Revenue Service may end a written demand to the Debtor or Reorganized Debtor of the default and the Debtor must cure the default within fifteen (15) days of the date on the demand letter. If the default is not cured within fifteen (15) days, the Internal Revenue Service may assert the balance on the proof of claim still remaining which will include tax, interest and penalty to be due and owing and the entire balance (after crediting all payments made) may go out for collection.

Internal Revenue Service remedies upon default: Upon any final and non-curable default by the Reorganized Debtor, the Internal Revenue Service may accelerate its allowed pre- and post-petition claims (and any future administrative claims), and declare the outstanding amounts of such claims to be immediately due and owing. The Internal Revenue Service may pursue any and all available state and federal rights and remedies as provided by law without further order of this Court.

**13.04 Ad Valorem Taxes to Travis County**. The Debtors are required to stay current on all ongoing tax payments with Travis County. If a Debtor defaults to Travis County (in the timely payment of any ongoing tax liability) this is an event of default to the Plan. Travis County may send a written demand to the Debtor or Reorganized Debtor of the default and the Debtor must cure the default within fifteen (15) days of the date of the demand letter. If the default is not cured within fifteen (15) days, Travis County may assert the balance on the proof of claim still remaining.

Dated: December 11, 2020.

PLAN PROPONENTS:

**Gourdough's Holdings, LLC;
Gourdough's LLC; and,
Gourdough's Public House, LLC.**

By:   /s/ Paula Samford
        Paula Samford, Managing Member

[Remainder of Page Intentionally Left Blank]

DRAFTED and APPROVED:


HAJJAR PETERS LLP

By: /s/*Todd Headden*
Todd Headden (Bar No. 24096285)
Charlie Shelton (Bar No. 24079317)
3144 Bee Caves Rd
Austin, TX 78746
(512) 637-4956
(512) 637-4958 (FAX)
theadden@legalstrategy.com
cshelton@legalstrategy.com
COUNSEL FOR DEBTORS

**Proforma - South Lamar**

**Projections Pg 1 of 3**

June - December 2020

| | *June | % | *July | % | *August | % | 2020 *September | % | *October | % | November | % | December | % | Total 7 mos. 2020 | % | 2021 | % | 2022 | % | 2023 | % | 2024 | % | 2025 | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Sales** | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Food Sales | 112,619 | 69.83% | 106,919 | 70.10% | 122,934 | 68.41% | 108,981 | 67.92% | 111,934 | 68.44% | 90,950 | 68.70% | 81,316 | 68.70% | 735,654 | 68.82% | 1,366,051 | 71.66% | 1,366,051 | 71.66% | 1,366,051 | 71.66% | 1,441,943 | 71.66% | 1,487,478 | 71.66% |
| N/A Beverage Sales | 5,910 | 3.66% | 5,504 | 3.61% | 6,924 | 3.85% | 6,818 | 4.33% | 7,460 | 4.56% | 5,415 | 4.09% | 4,960 | 4.05% | 42,991 | 4.02% | 97,747 | 5.13% | 97,747 | 5.13% | 97,747 | 5.13% | 103,178 | 5.13% | 106,436 | 5.13% |
| Liquor Sales | 22,296 | 13.83% | 25,178 | 16.51% | 30,639 | 17.05% | 25,319 | 16.07% | 25,454 | 15.56% | 21,129 | 15.96% | 19,356 | 15.96% | 169,372 | 15.86% | 195,574 | 10.26% | 195,574 | 10.26% | 195,574 | 10.26% | 206,439 | 10.26% | 212,959 | 10.26% |
| Beer Sales | 11,148 | 6.91% | 12,949 | 8.49% | 14,226 | 7.92% | 9,919 | 6.30% | 9,759 | 5.97% | 9,227 | 6.97% | 8,453 | 6.97% | 75,682 | 7.08% | 120,458 | 6.32% | 120,458 | 6.32% | 120,458 | 6.32% | 127,150 | 6.32% | 131,166 | 6.32% |
| Wine Sales | 2,269 | 1.41% | 1,644 | 1.08% | 2,443 | 1.36% | 2,289 | 1.45% | 2,537 | 1.55% | 1,853 | 1.40% | 1,698 | 1.40% | 14,733 | 1.38% | 28,556 | 1.50% | 28,556 | 1.50% | 28,556 | 1.50% | 30,142 | 1.50% | 31,094 | 1.50% |
| Catering Sales | 6,799 | 4.22% | - | 0.00% | 2,288 | 1.27% | 6,040 | 3.83% | 6,282 | 3.84% | 3,654 | 2.76% | 3,347 | 2.76% | 28,409 | 2.66% | 77,859 | 4.08% | 77,859 | 4.08% | 77,859 | 4.08% | 82,184 | 4.08% | 84,779 | 4.08% |
| T-Shirt Sales | 225 | 0.14% | 320 | 0.21% | 250 | 0.14% | 150 | 0.10% | 120 | 0.07% | 159 | 0.12% | 146 | 0.12% | 1,374 | 0.13% | 12,341 | 0.65% | 12,341 | 0.65% | 12,341 | 0.65% | 13,027 | 0.65% | 13,438 | 0.65% |
| To Go Charge | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 0 | 0.00% | 7,603 | 0.40% | 7,603 | 0.40% | 7,603 | 0.40% | 8,026 | 0.40% | 8,279 | 0.40% |
| **Total Sales** | 161,266 | 100.00% | 152,520 | 100.00% | 179,704 | 100.00% | 157,517 | 100.00% | 163,546 | 100.00% | 132,387 | 100.00% | 121,276 | 100.00% | 1,068,216 | 100.00% | 1,906,190 | 100.00% | 1,906,190 | 100.00% | 1,906,190 | 100.00% | 2,012,089 | 100.00% | 2,075,629 | 100.00% |
| **Prime Cost** | | | | | | | | | | | | | | | | | | | | | | | | | | |
| COGS | 41,275 | 25.59% | 40,622 | 26.63% | 38,703 | 21.54% | 49,077 | 31.16% | 44,439 | 27.17% | 34,950 | 26.40% | 32,017 | 26.40% | 282,009 | 26.40% | 503,234 | 26.40% | 503,234 | 26.40% | 503,234 | 26.40% | 531,192 | 26.40% | 547,966 | 26.40% |
| Labor Cost | 62,652 | 38.85% | 58,504 | 38.36% | 61,504 | 34.22% | 62,436 | 39.64% | 61,095 | 37.36% | 49,605 | 37.47% | 45,442 | 37.47% | 400,260 | 37.47% | 714,249 | 37.47% | 714,249 | 37.47% | 714,249 | 37.47% | 753,930 | 37.47% | 777,738 | 37.47% |
| **Total Prime Cost** | 103,928 | 64.44% | 99,126 | 64.99% | 100,206 | 55.76% | 111,513 | 70.79% | 105,534 | 64.53% | 84,556 | 63.87% | 77,459 | 63.87% | 682,269 | 63.87% | 1,217,483 | 63.87% | 1,217,483 | 63.87% | 1,217,483 | 63.87% | 1,285,121 | 63.87% | 1,325,704 | 63.87% |
| **Operating Expense** | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Bar Supplies | 250 | 0.16% | 5 | 0.00% | - | 0.00% | 130 | 0.08% | 45 | 0.03% | 79 | 0.06% | 73 | 0.06% | 582 | 0.05% | 1,144 | 0.06% | 1,144 | 0.06% | 1,144 | 0.06% | 1,207 | 0.06% | 1,245 | 0.06% |
| Advertising & Promotion | 26 | 0.02% | 10 | 0.01% | 10 | 0.01% | 10 | 0.01% | 10 | 0.01% | 10 | 0.01% | 10 | 0.01% | 85 | 0.01% | 3,000 | 0.16% | 3,000 | 0.16% | 3,000 | 0.16% | 3,166 | 0.16% | 3,000 | 0.14% |
| Bank Service Charges | 55 | 0.03% | 56 | 0.04% | 180 | 0.10% | 56 | 0.04% | 55 | 0.03% | 55 | 0.04% | 55 | 0.04% | 511 | 0.05% | 572 | 0.03% | 572 | 0.03% | 572 | 0.03% | 604 | 0.03% | 623 | 0.03% |
| Chargebacks/Bad Debt | 23 | 0.01% | - | 0.00% | 102 | 0.06% | 7 | 0.00% | 37 | 0.02% | 26 | 0.02% | 24 | 0.02% | 220 | 0.02% | 381 | 0.02% | 381 | 0.02% | 381 | 0.02% | 402 | 0.02% | 415 | 0.02% |
| Catering Supplies | 100 | 0.06% | - | 0.00% | - | 0.00% | - | 0.00% | 11 | 0.01% | 106 | 0.08% | 97 | 0.08% | 314 | 0.03% | 1,525 | 0.08% | 1,525 | 0.08% | 1,525 | 0.08% | 1,610 | 0.08% | 1,661 | 0.08% |
| Catering Truck Expense | - | 0.00% | - | 0.00% | 6 | 0.00% | 508 | 0.32% | - | 0.00% | - | 0.00% | - | 0.00% | 515 | 0.05% | 2,097 | 0.11% | 2,097 | 0.11% | 2,097 | 0.11% | 2,213 | 0.11% | 2,283 | 0.11% |
| Chemical & Janitorial | 1,584 | 0.98% | 1,625 | 1.07% | 2,729 | 1.52% | 2,313 | 1.47% | 4,573 | 2.80% | 2,052 | 1.55% | 1,880 | 1.55% | 16,756 | 1.57% | 29,546 | 1.55% | 26,877 | 1.41% | 26,877 | 1.41% | 28,370 | 1.41% | 29,266 | 1.41% |
| Contract Labor | 150 | 0.09% | - | 0.00% | - | 0.00% | 400 | 0.25% | 1,946 | 1.19% | 1,200 | 0.91% | 1,200 | 0.99% | 4,896 | 0.46% | 14,400 | 0.76% | 14,400 | 0.76% | 14,400 | 0.76% | 14,400 | 0.72% | 14,400 | 0.69% |
| Donations | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 0 | 0.00% | 191 | 0.01% | 191 | 0.01% | 191 | 0.01% | 201 | 0.01% | 208 | 0.01% |
| Employee Relations | 750 | 0.47% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 750 | 0.07% | 3,050 | 0.16% | 3,050 | 0.16% | 3,050 | 0.16% | 3,219 | 0.16% | 3,321 | 0.16% |
| Fuel Expense | 25 | 0.02% | 25 | 0.02% | 25 | 0.01% | 101 | 0.06% | 44 | 0.03% | 40 | 0.03% | 36 | 0.03% | 296 | 0.03% | 572 | 0.03% | 572 | 0.03% | 572 | 0.03% | 604 | 0.03% | 623 | 0.03% |
| Ice | - | 0.00% | - | 0.00% | 1,120 | 0.62% | 105 | 0.07% | - | 0.00% | 66 | 0.05% | 61 | 0.05% | 1,352 | 0.13% | 953 | 0.05% | 953 | 0.05% | 953 | 0.05% | 1,006 | 0.05% | 1,038 | 0.05% |
| Inspections | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | | | 381 | 0.02% | 381 | 0.02% | 381 | 0.02% | 402 | 0.02% | 415 | 0.02% |
| Job Ads | 81 | 0.05% | - | 0.00% | 168 | 0.09% | 116 | 0.07% | 81 | 0.05% | 132 | 0.10% | 121 | 0.10% | 700 | 0.07% | 1,906 | 0.10% | 1,906 | 0.10% | 1,906 | 0.10% | 2,012 | 0.10% | 2,076 | 0.10% |
| Kitchen Supplies | 33 | 0.02% | 31 | 0.02% | 9 | 0.01% | 56 | 0.04% | 39 | 0.02% | 66 | 0.05% | 61 | 0.05% | 295 | 0.03% | 953 | 0.05% | 953 | 0.05% | 953 | 0.05% | 1,006 | 0.05% | 1,038 | 0.05% |
| Meals and Entertainment | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 26 | 0.02% | 24 | 0.02% | 51 | 0.00% | 381 | 0.02% | 381 | 0.02% | 381 | 0.02% | 402 | 0.02% | 415 | 0.02% |
| Menu Printing | 250 | 0.16% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 250 | 0.02% | 381 | 0.02% | 381 | 0.02% | 381 | 0.02% | 402 | 0.02% | 415 | 0.02% |
| Merchant Fees | 7,940 | 4.92% | 7,875 | 5.16% | 7,549 | 4.20% | 5,662 | 3.59% | 6,061 | 3.71% | 6,619 | 5.00% | 6,064 | 5.00% | 47,771 | 4.47% | 95,309 | 5.00% | 61,951 | 3.25% | 61,951 | 3.25% | 65,393 | 3.25% | 67,458 | 3.25% |
| Musicians & Entertainment | 60 | 0.04% | - | 0.00% | 819 | 0.46% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 879 | 0.08% | - | 0.00% | 9,600 | 0.50% | 9,600 | 0.50% | 9,600 | 0.48% | 9,600 | 0.46% |
| Office Supplies | 43 | 0.03% | 65 | 0.04% | 108 | 0.06% | - | 0.00% | 65 | 0.04% | 53 | 0.04% | 49 | 0.04% | 382 | 0.04% | 762 | 0.04% | 762 | 0.04% | 762 | 0.04% | 805 | 0.04% | 830 | 0.04% |
| Over/Short | (262) | -0.16% | 258 | 0.17% | (41) | -0.02% | 48 | 0.03% | 64 | 0.04% | 13 | 0.01% | 12 | 0.01% | 93 | 0.01% | 191 | 0.01% | 191 | 0.01% | 191 | 0.01% | 201 | 0.01% | 208 | 0.01% |
| Party/Event Supplies | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 40 | 0.03% | 36 | 0.03% | 76 | 0.01% | 572 | 0.03% | 572 | 0.03% | 572 | 0.03% | 604 | 0.03% | 623 | 0.03% |
| Payroll Processing | 255 | 0.16% | 240 | 0.16% | 264 | 0.15% | 282 | 0.18% | 285 | 0.17% | 285 | 0.22% | 285 | 0.24% | 1,899 | 0.18% | 2,478 | 0.13% | 2,478 | 0.13% | 2,478 | 0.13% | 2,616 | 0.13% | 2,698 | 0.13% |
| Pest Control | 868 | 0.54% | 565 | 0.37% | 525 | 0.29% | 536 | 0.34% | 525 | 0.32% | 565 | 0.43% | 565 | 0.47% | 4,149 | 0.39% | 3,390 | 0.18% | 2,260 | 0.12% | 2,260 | 0.12% | 2,260 | 0.11% | 2,260 | 0.11% |
| Postage & Shipping | 2 | 0.00% | 19 | 0.01% | 80 | 0.04% | - | 0.00% | 6 | 0.00% | 40 | 0.03% | 36 | 0.03% | 183 | 0.02% | 572 | 0.03% | 572 | 0.03% | 572 | 0.03% | 604 | 0.03% | 623 | 0.03% |
| Printing Expense | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 40 | 0.03% | 36 | 0.03% | 76 | 0.01% | 572 | 0.03% | 572 | 0.03% | 572 | 0.03% | 604 | 0.03% | 623 | 0.03% |
| Security | 94 | 0.06% | 64 | 0.04% | 64 | 0.04% | 64 | 0.04% | 64 | 0.04% | 64 | 0.05% | 64 | 0.05% | 477 | 0.04% | 762 | 0.04% | 762 | 0.04% | 762 | 0.04% | 805 | 0.04% | 830 | 0.04% |
| Restaurant Supplies | 278 | 0.17% | 89 | 0.06% | 2,000 | 1.11% | 73 | 0.05% | 452 | 0.28% | 278 | 0.21% | 255 | 0.21% | 3,424 | 0.32% | 4,003 | 0.21% | 4,003 | 0.21% | 4,003 | 0.21% | 4,225 | 0.21% | 4,359 | 0.21% |
| Small Tools | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 13 | 0.01% | 12 | 0.01% | 25 | 0.00% | 191 | 0.01% | 191 | 0.01% | 191 | 0.01% | 201 | 0.01% | 208 | 0.01% |
| Smallwares | 6 | 0.00% | - | 0.00% | 4 | 0.00% | 110 | 0.07% | 215 | 0.13% | 794 | 0.60% | 728 | 0.60% | 1,857 | 0.17% | 11,437 | 0.60% | 11,437 | 0.60% | 11,437 | 0.60% | 12,073 | 0.60% | 12,454 | 0.60% |
| Vendor Service Charge | 76 | 0.05% | 62 | 0.04% | 70 | 0.04% | 74 | 0.05% | 92 | 0.06% | 75 | 0.06% | 75 | 0.06% | 525 | 0.05% | 900 | 0.05% | 900 | 0.05% | 900 | 0.05% | 900 | 0.04% | 900 | 0.04% |
| Repairs & Maintenance - Building | 525 | 0.33% | 60 | 0.04% | - | 0.00% | 3,108 | 1.97% | 429 | 0.26% | 384 | 0.29% | 20,352 | 16.78% | 24,857 | 2.33% | 5,528 | 0.29% | 5,528 | 0.29% | 5,528 | 0.29% | 5,835 | 0.29% | 6,019 | 0.29% |
| Repairs & Maintenance - Supplies | 350 | 0.22% | 37 | 0.02% | 35 | 0.02% | 71 | 0.05% | 710 | 0.43% | 477 | 0.36% | 437 | 0.36% | 2,116 | 0.20% | 6,862 | 0.36% | 6,862 | 0.36% | 6,862 | 0.36% | 7,244 | 0.36% | 7,472 | 0.36% |
| Repairs & Maintenance - Equipment | 657 | 0.41% | 318 | 0.21% | 2,602 | 1.45% | 1,002 | 0.64% | 524 | 0.32% | 437 | 0.33% | 400 | 0.33% | 5,941 | 0.56% | 6,290 | 0.33% | 6,290 | 0.33% | 6,290 | 0.33% | 6,640 | 0.33% | 6,850 | 0.33% |
| Repairs & Maintenance - Grounds & Parking lot | 450 | 0.28% | - | 0.00% | - | 0.00% | 220 | 0.14% | - | 0.00% | 40 | 0.03% | 36 | 0.03% | 746 | 0.07% | 572 | 0.03% | 572 | 0.03% | 572 | 0.03% | 604 | 0.03% | 623 | 0.03% |
| Utilities | 4,595 | 2.85% | 5,183 | 3.40% | 4,052 | 2.25% | 5,580 | 3.54% | 5,022 | 3.07% | 3,945 | 2.98% | 3,614 | 2.98% | 31,990 | 2.99% | 56,804 | 2.98% | 56,804 | 2.98% | 56,804 | 2.98% | 59,960 | 2.98% | 61,854 | 2.98% |
| Grease Removal | - | 0.00% | - | 0.00% | 229 | 0.13% | - | 0.00% | - | 0.00% | 229 | 0.17% | - | 0.00% | 457 | 0.04% | 900 | 0.05% | 900 | 0.05% | 900 | 0.05% | 900 | 0.04% | 900 | 0.04% |
| Discounts & Comps | 4,106 | 2.55% | 3,200 | 2.10% | 3,320 | 1.85% | 3,450 | 2.19% | 3,148 | 1.93% | 3,998 | 3.02% | 3,663 | 3.02% | 24,902 | 2.33% | 57,567 | 3.02% | 57,567 | 3.02% | 57,567 | 3.02% | 60,765 | 3.02% | 62,684 | 3.02% |
| **Total Operating Expense** | 23,371 | 14.49% | 19,785 | 12.97% | 26,028 | 14.48% | 24,081 | 15.29% | 24,523 | 14.99% | 22,248 | 16.81% | 40,360 | 33.28% | 180,396 | 16.89% | 317,096 | 16.64% | 289,539 | 15.19% | 289,539 | 15.19% | 303,899 | 15.10% | 312,515 | 15.06% |
| **Non Controllable Expense** | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Dues & Subscriptions | 148 | 0.09% | 128 | 0.08% | 287 | 0.16% | 201 | 0.13% | 199 | 0.12% | 200 | 0.15% | 200 | 0.16% | 1,362 | 0.13% | 2,412 | 0.13% | 2,424 | 0.13% | 2,436 | 0.13% | 2,448 | 0.12% | 2,461 | 0.12% |
| Business Licenses and Permits | 179 | 0.11% | - | 0.00% | - | 0.00% | - | 0.00% | 696 | 0.43% | 1,822 | 1.38% | 1,800 | 1.48% | 4,497 | 0.42% | 4,570 | 0.24% | 3,000 | 0.16% | 3,000 | 0.16% | 3,000 | 0.15% | 3,000 | 0.14% |
| Consulting | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | - | 0.00% | 0 | 0.00% | 4,003 | 0.21% | 4,003 | 0.21% | 4,003 | 0.21% | 4,225 | 0.21% | 4,359 | 0.21% |
| Equipment Rental | 1,270 | 0.79% | 195 | 0.13% | 390 | 0.22% | 195 | 0.12% | - | 0.00% | 195 | 0.15% | 195 | 0.16% | 2,635 | 0.25% | 2,340 | 0.12% | 2,340 | 0.12% | 2,340 | 0.12% | 2,340 | 0.12% | 2,340 | 0.11% |

| Account | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Insurance - Gen. Liability | 1,265 | | | | | | | | | | | | | | | | | | | | | 16,098 | 0.80% | 16,259 | 0.78% |
| Insurance - Workers' Comp | 145 | 0.09% | 145 | 0.10% | 190 | 0.11% | (350) | -0.22% | 163 | | | | | | 618 | 0.06% | 2,097 | 0.11% | 2,118 | 0.11% | 2,139 | 0.11% | 2,160 | 0.11% | 2,182 | 0.11% |
| POS Equipment Lease | 607 | 0.38% | 607 | 0.40% | 607 | 0.34% | | 0.00% | | 0.00% | | 0.00% | | 0.00% | 1,820 | 0.17% | | 0.00% | | 0.00% | | 0.00% | | 0.00% | | 0.00% |
| Professional Fees | - | 0.00% | 450 | 0.30% | 2,250 | 1.25% | | 0.00% | 1,000 | 0.76% | 29,000 | 23.91% | 32,700 | 3.06% | 12,962 | 0.68% | 12,962 | 0.68% | 12,962 | 0.68% | 13,682 | 0.68% | 14,114 | 0.68% | | |
| Software & Licensing | 353 | 0.22% | 367 | 0.24% | 353 | 0.20% | 684 | 0.43% | 772 | 0.47% | 1,510 | 1.14% | 385 | 0.32% | 4,423 | 0.41% | 7,028 | 0.37% | 7,309 | 0.38% | 7,602 | 0.40% | 7,906 | 0.39% | 8,222 | 0.40% |
| Rent Expense | 7,996 | 4.96% | 7,996 | 5.24% | 7,996 | 4.45% | 7,996 | 5.08% | 7,996 | 4.89% | 8,586 | 6.49% | 8,586 | 7.08% | 57,151 | 5.35% | 103,202 | 5.41% | 108,460 | 5.69% | 131,113 | 6.88% | 135,046 | 6.71% | 139,097 | 6.70% |
| Property Tax | 3,000 | 1.86% | 3,000 | 1.97% | 3,000 | 1.67% | 3,000 | 1.90% | 3,000 | 1.83% | 4,593 | 3.47% | 24,054 | 19.83% | 43,647 | 4.09% | 53,185 | 2.79% | 54,780 | 2.87% | 56,423 | 2.96% | 58,116 | 2.89% | 59,860 | 2.88% |
| Landlord Compliance Repairs | 1,000 | 0.62% | - | 0.00% | 3,290 | 1.83% | 211 | 0.13% | 2,468 | 1.51% | 7,436 | 5.62% | 7,436 | 6.13% | 21,840 | 2.04% | 26,000 | 1.36% | 33,000 | 1.73% | - | 0.00% | - | 0.00% | - | 0.00% |
| Mixed Beverage Taxes | 2,336 | 1.45% | 2,626 | 1.72% | 3,123 | 1.74% | 2,462 | 1.56% | 2,484 | 1.52% | 2,158 | 1.63% | 1,977 | 1.63% | 17,165 | 1.61% | 23,087 | 1.21% | 23,087 | 1.21% | 23,087 | 1.21% | 24,370 | 1.21% | 25,140 | 1.21% |
| Sales Tax Expense | 747 | 0.46% | 240 | 0.16% | 606 | 0.34% | 309 | 0.20% | 613 | 0.37% | 384 | 0.29% | 352 | 0.29% | 3,249 | 0.30% | 5,528 | 0.29% | 5,528 | 0.29% | 5,528 | 0.29% | 5,835 | 0.29% | 6,019 | 0.29% |
| Franchise Tax | - | 0.00% | - | 0.00% | | 0.00% | | | 1,215 | 0.92% | | 0.00% | 1,215 | 0.11% | 1,144 | 0.06% | 1,144 | 0.06% | 1,144 | 0.06% | 1,207 | 0.06% | 1,245 | 0.06% | | |
| Depreciation Expense | 1,339 | 0.83% | 1,266 | 0.83% | 1,492 | 0.83% | 1,307 | 0.83% | 1,357 | 0.83% | 1,099 | 0.83% | 1,007 | 0.83% | 8,866 | 0.83% | 15,821 | 0.83% | 15,821 | 0.83% | 15,821 | 0.83% | 16,700 | 0.83% | 17,228 | 0.83% |
| **Total Non Controllable Expense** | **20,382** | **12.64%** | **18,293** | **11.99%** | **25,621** | **14.26%** | **17,289** | **10.98%** | **21,249** | **12.99%** | **31,634** | **23.90%** | **76,428** | **63.02%** | **210,897** | **19.74%** | **279,004** | **14.64%** | **291,758** | **15.31%** | **283,537** | **14.87%** | **293,135** | **14.57%** | **301,526** | **14.53%** |
| **Corporate Overhead & Other** | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Accounting | 3,778 | 2.34% | 2,664 | 1.75% | 3,317 | 1.85% | 2,584 | 1.64% | 2,409 | 1.47% | 2,700 | 2.04% | 2,700 | 2.23% | 20,153 | 1.89% | 33,358 | 1.75% | 33,358 | 1.75% | 33,358 | 1.75% | 35,212 | 1.75% | 36,324 | 1.75% |
| Management Fee | 3,876 | 2.40% | 3,415 | 2.24% | 3,907 | 2.17% | 5,097 | 3.24% | 3,141 | 1.92% | 2,913 | 2.20% | 2,668 | 2.20% | 25,016 | 2.34% | 41,936 | 2.20% | 41,936 | 2.20% | 41,936 | 2.20% | 44,266 | 2.20% | 45,664 | 2.20% |
| **Total Corporate Overhead & Other** | **7,654** | **4.75%** | **6,079** | **3.99%** | **7,224** | **4.02%** | **7,681** | **4.88%** | **5,550** | **3.39%** | **5,613** | **4.24%** | **5,368** | **4.43%** | **45,169** | **4.23%** | **75,294** | **3.95%** | **75,294** | **3.95%** | **75,294** | **3.95%** | **79,478** | **3.95%** | **81,987** | **3.95%** |
| Other Income | 957 | 0.59% | 14 | 0.01% | 876 | 0.49% | 1,091 | | 7 | | 410 | 0.31% | 376 | 0.31% | 3,731 | 0.35% | 5,909 | 0.31% | 5,909 | 0.31% | 5,909 | 0.31% | 6,237 | 0.31% | 6,434 | 0.31% |
| Other Expense | 5,201 | 3.23% | 2,460 | 1.61% | 975 | 0.54% | 876 | 0.56% | 1,428 | 0.87% | 53 | 0.04% | 49 | 0.04% | 11,043 | 1.03% | 762 | 0.04% | 762 | 0.04% | 762 | 0.04% | 805 | 0.04% | 830 | 0.04% |
| **Net Profit** | **$ 1,686** | **1.05%** | **$ 6,790** | **4.45%** | **$ 20,526** | **11.42%** | **$ (2,833)** | **-1.80%** | **$ 5,269** | **3.22%** | **$ (11,306)** | **-8.54%** | **$ (78,012)** | **-64.33%** | **$ (57,827)** | **-5.41%** | **$ 22,459** | **1.18%** | **$ 37,261** | **1.95%** | **$ 45,482** | **2.39%** | **$ 55,888** | **2.78%** | **$ 59,500** | **2.87%** |

Note * = reflects actual sales and expense activity

**Proforma - Trailer S St**
June 2020
Projections Pg 3 of 3

Location: 901 - South First Trailer

| | *June | *July | *August | 2020 *September | *October | November | December | Total 7 mos 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Sales** | | | | | | | | | | | | | |
| Food Sales | 50,361  88.45% | 47,690  89.52% | 50,842  89.30% | 52,900  89.18% | 54,477  88.39% | 44,446  94.53% | 35,873  94.58% | 336,590  90.23% | 597,755  92.66% | 657,531  92.66% | 670,681  92.66% | 677,388  92.66% | 684,162  92.66% |
| N/A Beverage Sales | 6,575  11.55% | 5,581  10.48% | 6,093  10.70% | 6,421  10.82% | 7,152  11.61% | 2,573  5.47% | 2,065  5.44% | 36,461  9.77% | 47,380  7.34% | 52,118  7.34% | 53,160  7.34% | 53,692  7.34% | 54,228  7.34% |
| **Total Sales** | 56,936  100.00% | 53,271  100.00% | 56,936  100.00% | 59,321  100.00% | 61,629  100.00% | 47,020  100.00% | 37,938  100.00% | 373,050  100.00% | 645,135  100.00% | 709,648  100.00% | 723,841  100.00% | 731,080  100.00% | 738,390  100.00% |
| **Prime Cost** | | | | | | | | | | | | | |
| COGS | 16,304  28.64% | 17,562  32.97% | 15,701  27.58% | 18,511  31.21% | 19,309  31.33% | 14,214  30.23% | 11,469  30.23% | 113,070  30.31% | 195,024  30.23% | 214,527  30.23% | 218,817  30.23% | 221,005  30.23% | 223,215  30.23% |
| Labor Cost | 23,677  41.58% | 26,613  49.96% | 25,739  45.21% | 25,523  43.03% | 25,209  40.90% | 20,562  43.73% | 16,590  43.73% | 163,912  43.94% | 282,117  43.73% | 310,329  43.73% | 316,536  43.73% | 319,701  43.73% | 322,898  43.73% |
| **Total Prime Cost** | 39,981  70.22% | 44,175  82.92% | 41,439  72.78% | 44,034  74.23% | 44,518  72.24% | 34,776  73.96% | 28,059  73.96% | 276,982  74.25% | 477,142  73.96% | 524,856  73.96% | 535,353  73.96% | 540,706  73.96% | 546,114  73.96% |
| **Operating Expense** | | | | | | | | | | | | | |
| Advertising & Promotion | | | | 71  0.12% | | 7  0.01% | 6  0.01% | 83  0.02% | 3,500  0.54% | 3,553  0.50% | 3,606  0.50% | 3,680  0.50% | 3,715  0.50% |
| Bank Service Charges | 0.40  0.00% | 0.40  0.00% | 0.40  0.00% | | 28  0.05% | 8  0.02% | 6  0.02% | 43  0.01% | 104  0.02% | 114  0.02% | 116  0.02% | 117  0.02% | 118  0.02% |
| Chemical & Janitorial | 1,102  1.94% | 690  1.29% | 1,220  2.14% | 1,234  2.08% | 1,438  2.33% | 959  2.04% | 774  2.04% | 7,417  1.99% | 13,161  2.04% | 13,074  1.84% | 13,335  1.84% | 13,469  1.84% | 13,603  1.84% |
| Contract Labor | 1,157  2.03% | | | | | | | 1,157  0.31% | 1,150  0.18% | 1,150  0.16% | 1,150  0.16% | 1,150  0.16% | 1,150  0.16% |
| Customer Retainage | | | | | | | | 53  0.01% | 405  0.06% | 448  0.06% | 454  0.06% | 459  0.06% | 464  0.06% |
| Donations | | | | | | | 30  0.08% | 24  0.08% | 450  0.07% | 495  0.07% | 505  0.07% | 510  0.07% | 515  0.07% |
| Employee Relations | | 25  0.05% | | 86  0.14% | | | | 116  0.03% | 65  0.01% | 72  0.01% | 73  0.01% | 74  0.01% | 75  0.01% |
| Ice | | 165  0.31% | 266  0.47% | | 173  0.28% | 43  0.09% | 35  0.09% | 681  0.18% | 590  0.09% | 648  0.09% | 661  0.09% | 668  0.09% | 675  0.09% |
| Inspections | | | 130  0.23% | | | | | 130  0.03% | 169  0.03% | 185  0.03% | 189  0.03% | 191  0.03% | 193  0.03% |
| Job Ads | 81  0.14% | | 168  0.29% | 81  0.14% | 81  0.13% | 81  0.17% | 81  0.21% | 573  0.15% | 378  0.06% | 416  0.06% | 424  0.06% | 428  0.06% | 433  0.06% |
| Kitchen Supplies | 11  0.02% | | 29  0.05% | | 5  0.01% | 21  0.05% | 17  0.05% | 88  0.02% | 295  0.05% | 324  0.05% | 331  0.05% | 334  0.05% | 337  0.05% |
| Meals and Entertainment | | | | | | 7  0.00% | | 12  0.00% | 92  0.01% | 101  0.01% | 103  0.01% | 104  0.01% | 105  0.01% |
| Merchant Fees | 2,813  4.94% | 2,895  5.43% | 3,196  5.62% | 2,894  4.88% | 3,141  5.10% | 2,351  5.00% | 1,897  5.00% | 19,189  5.14% | 32,257  5.00% | 30,160  4.25% | 30,763  4.25% | 31,071  4.25% | 31,382  4.25% |
| Office Supplies | | 15  0.03% | | 10  0.02% | | 3  0.01% | 2  0.01% | 30  0.01% | 36  0.01% | 39  0.01% | 40  0.01% | 40  0.01% | 41  0.01% |
| Over/Short | | 16  0.03% | | (1)  0.00% | | 3  0.01% | 2  0.01% | 20  0.01% | 36  0.01% | 39  0.01% | 40  0.01% | 40  0.01% | 41  0.01% |
| Payroll Processing | 246  0.43% | 184  0.34% | 199  0.36% | 219  0.37% | 207  0.34% | 200  0.43% | 200  0.53% | 1,455  0.39% | 2,291  0.36% | 2,520  0.36% | 2,571  0.36% | 2,597  0.36% | 2,622  0.36% |
| Pest Control | 87  0.15% | 75  0.14% | | 75  0.13% | 75  0.12% | 75  0.16% | 75  0.20% | 462  0.12% | 927  0.14% | 955  0.13% | 983  0.14% | 1,013  0.14% | 1,043  0.14% |
| Postage & Shipping | | | 13  0.02% | 19  0.03% | 6  0.01% | | | 38  0.01% | 65  0.01% | 71  0.01% | 72  0.01% | 73  0.01% | 74  0.01% |
| Printing Expense | | | | | | 28  0.06% | 23  0.06% | 50  0.01% | 383  0.06% | 421  0.06% | 430  0.06% | 434  0.06% | 438  0.06% |
| Restaurant Supplies | 1  0.00% | 97  0.18% | 12  0.02% | 76  0.13% | 24  0.04% | 48  0.10% | 39  0.10% | 297  0.08% | 659  0.10% | 725  0.10% | 739  0.10% | 747  0.10% | 754  0.10% |
| Small Tools | | | | | | | | | 59  0.01% | 65  0.01% | 67  0.01% | 67  0.01% | 68  0.01% |
| Smallwares | | | | | | 51  0.11% | 41  0.11% | 92  0.02% | 700  0.11% | 770  0.11% | 785  0.11% | 793  0.11% | 801  0.11% |
| Vendor Service Charge | 60  0.11% | 75  0.14% | 60  0.11% | 75  0.13% | 60  0.10% | 60  0.13% | 60  0.16% | 450  0.12% | 720  0.11% | 720  0.10% | 720  0.10% | 720  0.10% | 720  0.10% |
| Repairs & Maintenance - Building | 232  0.41% | | 415  0.73% | | 60  0.10% | 39  0.08% | 31  0.08% | 777  0.21% | 531  0.08% | 584  0.08% | 595  0.08% | 601  0.08% | 607  0.08% |
| Repairs & Maintenance - Supplies | 37  0.06% | 21  0.04% | | 124  0.22% | | 48  0.10% | 39  0.10% | 268  0.07% | 655  0.10% | 721  0.10% | 735  0.10% | 742  0.10% | 750  0.10% |
| Repairs & Maintenance Equipment | | | 133  0.23% | 634  1.07% | | 60  0.13% | 48  0.13% | 874  0.23% | 818  0.13% | 899  0.13% | 917  0.13% | 927  0.13% | 936  0.13% |
| Repairs & Maintenance - Grounds & Parking Lot | 320  0.56% | | | | | | | 320  0.09% | 1,290  0.20% | 1,419  0.20% | 1,448  0.20% | 1,462  0.20% | 1,477  0.20% |
| Utilities | 516  0.91% | 593  1.11% | 549  0.96% | 551  0.93% | 542  0.88% | 493  1.05% | 398  1.05% | 3,641  0.98% | 6,760  1.05% | 7,436  1.05% | 7,585  1.05% | 7,661  1.05% | 7,738  1.05% |
| Grey Water Removal | 400  0.70% | 200  0.38% | 200  0.35% | 200  0.34% | 200  0.34% | 200  0.43% | 200  0.53% | 1,600  0.43% | 2,400  0.37% | 2,400  0.34% | 2,400  0.33% | 2,400  0.33% | 2,400  0.33% |
| Discounts & Comps | 92  0.16% | 19  0.04% | 73  0.13% | 103  0.17% | 78  0.13% | 10  0.02% | 8  0.02% | 383  0.10% | 135  0.02% | 149  0.02% | 152  0.02% | 153  0.02% | 155  0.02% |
| **Total Operating Expense** | 7,156  12.57% | 5,074  9.53% | 6,788  11.92% | 6,328  10.67% | 6,117  9.93% | 4,827  10.27% | 4,010  10.57% | 40,300  10.80% | 71,079  11.02% | 70,672  9.96% | 71,991  9.95% | 72,706  9.95% | 73,429  9.94% |
| **Non Controllable Expense** | | | | | | | | | | | | | |
| Dues & Subscriptions | 153  0.27% | 149  0.28% | 149  0.26% | 149  0.25% | 149  0.24% | 175  0.37% | 175  0.46% | 1,099  0.29% | 2,111  0.33% | 2,121  0.30% | 2,132  0.29% | 2,142  0.29% | 2,153  0.29% |
| Business Licenses and Permits | 99  0.17% | 50  0.09% | 445  0.78% | 50  0.08% | 259  0.42% | 30  0.06% | 30  0.08% | 962  0.26% | 984  0.15% | 989  0.14% | 994  0.14% | 998  0.14% | 1,003  0.14% |
| Insurance - Gen. Liability | 522  0.92% | 527  0.99% | 855  1.50% | 527  0.89% | 545  0.88% | 527  1.12% | 527  1.39% | 4,031  1.08% | 6,450  1.00% | 6,579  0.93% | 6,711  0.93% | 6,845  0.94% | 6,982  0.95% |
| Insurance - Workers' Comp | 145  0.25% | 145  0.27% | 190  0.33% | (350)  -0.59% | 163  0.26% | 163  0.35% | 163  0.43% | 1,889  0.31% | 2,029  0.09% | 2,069  0.29% | 2,111  0.29% | 2,153  0.29% | 2,196  0.30% |
| Professional Fees | | | | | | | 12,000  31.63% | 12,000  3.22% | 2,287  0.35% | 2,516  0.35% | 2,567  0.35% | 2,592  0.35% | 2,618  0.35% |
| Software & Licensing | 301  0.53% | 301  0.57% | 301  0.53% | 301  0.51% | 301  0.49% | 301  0.64% | 301  0.79% | 2,109  0.57% | 3,756  0.58% | 3,907  0.55% | 4,063  0.56% | 4,226  0.58% | 4,395  0.60% |
| Rent Expense | 2,500  4.39% | 2,500  4.69% | 2,500  4.39% | 2,500  4.21% | 2,500  4.06% | 2,500  5.32% | 2,500  6.59% | 17,500  4.69% | 30,900  4.79% | 31,827  4.48% | 32,782  4.53% | 33,765  4.62% | 34,778  4.71% |
| Property Tax | | | | | 303  0.64% | | | 303  0.08% | 309  0.05% | 315  0.04% | 321  0.04% | 327  0.04% | 334  0.05% |
| Sales Tax Expense | 291  0.51% | 187  0.35% | 159  0.28% | 178  0.30% | 153  0.25% | 146  0.31% | 118  0.31% | 1,231  0.33% | 2,000  0.31% | 2,200  0.31% | 2,244  0.31% | 2,266  0.31% | 2,288  0.31% |
| Amortization Expense | 193  0.34% | 180  0.34% | 193  0.34% | 201  0.34% | 209  0.34% | 159  0.34% | 128  0.34% | 1,263  0.34% | 2,184  0.34% | 2,403  0.34% | 2,451  0.34% | 2,475  0.34% | 2,500  0.34% |
| Depreciation Expense | 74  0.13% | 69  0.13% | 74  0.13% | 77  0.13% | 80  0.13% | 61  0.13% | 49  0.13% | 483  0.13% | 835  0.13% | 919  0.13% | 937  0.13% | 946  0.13% | 956  0.13% |
| **Total Non Controllable Expense** | 4,278  7.51% | 4,109  7.71% | 4,865  8.54% | 3,634  6.13% | 4,358  7.07% | 4,364  9.28% | 15,991  42.15% | 41,599  11.15% | 53,805  8.34% | 55,804  7.86% | 57,270  7.91% | 58,695  8.03% | 60,161  8.15% |
| **Corporate Overhead & Other** | | | | | | | | | | | | | |
| Accounting | 1,397  2.45% | 1,199  2.25% | 1,048  1.84% | 956  1.61% | 891  1.45% | 1,100  2.34% | 1,100  2.90% | 7,427  1.99% | 12,903  2.00% | 13,153  1.85% | 14,477  2.00% | 14,622  2.00% | 14,768  2.00% |
| Management Fee | 1,434  2.52% | 1,200  2.25% | 1,234  2.17% | 1,885  3.18% | 1,162  1.88% | 1,128  2.40% | 911  2.40% | 8,953  2.40% | 16,128  2.50% | 17,741  2.50% | 18,096  2.50% | 18,277  2.50% | 18,460  2.50% |
| **Total Corporate Overhead & Other** | 2,831  4.97% | 2,136  4.01% | 2,281  4.01% | 2,841  4.79% | 2,053  3.33% | 2,228  4.74% | 2,011  5.30% | 16,380  4.39% | 29,031  4.50% | 31,934  4.50% | 32,573  4.50% | 32,899  4.50% | 33,228  4.50% |
| Other Income | 29  0.05% | | 3  0.01% | 3  0.01% | 1  0.00% | 47  0.10% | 38  0.10% | 128  0.03% | 645  0.10% | 710  0.10% | 724  0.10% | 731  0.10% | 738  0.10% |
| Other Expense | 1,694  2.97% | 114  0.21% | 76  0.13% | | 64  0.11% | 64  0.10% | 34  0.09% | 2,182  0.58% | 1,290  0.20% | 1,419  0.20% | 1,448  0.20% | 1,462  0.20% | 1,477  0.20% |
| **Net Profit** | 1,025  1.80% | (2,332)  -4.38% | 1,489  2.62% | 2,422  4.08% | 4,523  7.34% | 777  1.65% | (12,170)  -32.08% | (4,265)  -1.14% | 13,433  2.08% | 25,673  3.62% | 25,930  3.58% | 25,342  3.47% | 24,720  3.35% |

Note * = reflects actual sales and expense activity

# Exhibit B- Liquiation Analysis

### Gourdough's Holdings, LLC ("GHLLC"); Gourdough's LLC ("GLLC"); and Gourdough's Public House, LLC ("GPHLLC")

**Plan Proponents' Estimated Liquidation Value of Assets**

| Assets | | GHLLC | GLCC | GPHLLC | Total |
|---|---|---|---|---|---|
| 1 | Cash | | $70,000.00 | 127,000.00 | $197,000.00 |
| 2 | Accounts Receivable | | $1,900.00 | $6,715 | $8,615.00 |
| 3 | Inventory or Supplies | $500 | $1,305 | $2,000 | $3,805.00 |
| 4 | Office Furniture & Equipment | $1,000 | $1,500 | $1,500 | $4,000.00 |
| 5 | Vehicles | | $16,450 | $15,500 | $31,950.00 |
| 6 | Kitchen Equipment | | $3,000 | $3,000 | $6,000.00 |
| 7 | Lawsuit | Unknown | Unknown | Unknown | $0.00 |
| 8 | Misc | | $85 | | $85.00 |
| 9 | Deposits | | | $5,250 | $5,250.00 |
| | | | | | $256,705.00 |

| | GHLLC | GLCC | GPHLLC | Total |
|---|---|---|---|---|
| **Total** | $1,500.00 | $94,240.00 | $160,965.00 | **$256,705.00** |

| | |
|---|---|
| Secured Claims | $99,061.20 |
| Priority Claims | 3,800.03 |
| Administrative Claims (Estimated) | $133,000 |
| **Balance left for Unsecured Claims in Liquidation scenario** | **$20,843.77** |
| | vs |
| **Distributions for General Unsecured Claims in Proposed Chapter 11** | **$94,279** |

Gourdough's Plan of Reorganization
Exhibit C- Plan Payment Schedule

| | Month | Total Payment | GLLC Payment | GPHLLC Payment | Administrative Expense Claims | Class 1- IRS Priority Claims (GPH) | Class 2- Secured Claims of Texas Comptroller (GPH) | Class 3- GLLC-General Unsecured Claims | Class 4- GPHLLC General Unsecured Claims |
|---|---|---|---|---|---|---|---|---|---|
| Effective Date | | $24,000 | $12,000 | $12,000 | Est. $133,000 ($13,000 Trustee and $120,000 Attorney Fees) $24,000 (Approx. $13,000 Trustee, $11,000 attorney fees) | $3,800.03 | $99,061.20 | 90,325.83 | 145,810.08 |
| Operations | | | | | | 3.80% | 5.75% | | |
| Jan-21 | 1 | $2,300 | $800 | $1,500 | $1,000 | $500.00 | $500 | $300.00 | |
| Feb-21 | 2 | $2,300 | $800 | $1,500 | $1,000 | $500.00 | $500 | $300.00 | |
| Mar-21 | 3 | $2,300 | $800 | $1,500 | $1,000 | $750.00 | $250 | $300.00 | |
| Apr-21 | 4 | $2,300 | $800 | $1,500 | $1,000 | $750.00 | $250 | $300.00 | |
| May-21 | 5 | $2,300 | $800 | $1,500 | $1,000 | $750.00 | $250 | $300.00 | |
| Jun-21 | 6 | $2,300 | $800 | $1,500 | $1,000 | $594.19 | $406 | $300.00 | |
| Jul-21 | 7 | $2,400 | $900 | $1,500 | $1,000 | | $1,000 | $400.00 | |
| Aug-21 | 8 | $2,400 | $900 | $1,500 | $1,000 | | $1,000 | $400.00 | |
| Sep-21 | 9 | $2,400 | $900 | $1,500 | $1,000 | | $1,000 | $400.00 | |
| Oct-21 | 10 | $2,400 | $900 | $1,500 | $1,000 | | $1,000 | $400.00 | |
| Nov-21 | 11 | $2,400 | $900 | $1,500 | $1,000 | | $1,000 | $400.00 | |
| Dec-21 | 12 | $2,400 | $900 | $1,500 | $1,000 | | $1,000 | $400.00 | |
| Jan-22 | 13 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Feb-22 | 14 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Mar-22 | 15 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Apr-22 | 16 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| May-22 | 17 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Jun-22 | 18 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Jul-22 | 19 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Aug-22 | 20 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Sep-22 | 21 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Oct-22 | 22 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Nov-22 | 23 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Dec-22 | 24 | $4,225 | $1,725 | $2,500 | $1,000 | | $2,200 | $1,025.00 | |
| Jan-23 | 25 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Feb-23 | 26 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Mar-23 | 27 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Apr-23 | 28 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| May-23 | 29 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Jun-23 | 30 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Jul-23 | 31 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Aug-23 | 32 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Sep-23 | 33 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Oct-23 | 34 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Nov-23 | 35 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Dec-23 | 36 | $4,725 | $1,725 | $3,000 | $1,000 | | $2,700 | $1,025.00 | |
| Jan-24 | 37 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Feb-24 | 38 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Mar-24 | 39 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Apr-24 | 40 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| May-24 | 41 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Jun-24 | 42 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Jul-24 | 43 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Aug-24 | 44 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Sep-24 | 45 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Oct-24 | 46 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Nov-24 | 47 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Dec-24 | 48 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,700 | $1,025.00 | |
| Jan-25 | 49 | $5,725 | $1,725 | $4,000 | $1,000 | | $3,521 | $1,025.00 | $179.45 |
| Feb-25 | 50 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Mar-25 | 51 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Apr-25 | 52 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| May-25 | 53 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Jun-25 | 54 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Jul-25 | 55 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Aug-25 | 56 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Sep-25 | 57 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Oct-25 | 58 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Nov-25 | 59 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Dec-25 | 60 | $5,725 | $1,725 | $4,000 | $1,000 | | | $1,025.00 | $3,700.00 |
| Total | | $273,000 | $93,000 | $180,000 | $60,000.00 | $3,844.19 | $114,876.36 | $53,400.00 | $40,879.45 |

Gourdough's Plan of Reorganization
Exhibit C- Plan Payment Schedule (Non-Consensual)

| Month | Total Payment | GLLC Payment | GPHLLC Payment | | Administrative Expense Claims | Class 1- IRS Priority Claims (GPH) | Class 2- Secured Claims of Texas Comptroller (GPH) | Class 3- GLLC-General Unsecured Claims | Class 4- GPHLLC General Unsecured Claims |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Est. $133,000 ($13,000 Trustee and $120,000 Attorney Fees) $24,000 (Approx. $13,000 Trustee, $11,000 attorney fees) | $3,800.03 | $99,061.20 | 90,325.83 | 145,810.08 |
| Effective Date | $24,000 | $12,000 | T's Fee | $12,000 | T's Fee | | | | |
| Operations | | | | | | 3.80% | 5.75% | | |
| Jan-21 | 1 | $2,300 | $800 | $80 | $1,500 | $150 | $1,000 | $425.00 | $425 | $220.00 |
| Feb-21 | 2 | $2,300 | $800 | $80 | $1,500 | $150 | $1,000 | $425.00 | $425 | $220.00 |
| Mar-21 | 3 | $2,300 | $800 | $80 | $1,500 | $150 | $1,000 | $425.00 | $425 | $220.00 |
| Apr-21 | 4 | $2,300 | $800 | $80 | $1,500 | $150 | $1,000 | $425.00 | $425 | $220.00 |
| May-21 | 5 | $2,300 | $800 | $80 | $1,500 | $150 | $1,000 | $425.00 | $425 | $220.00 |
| Jun-21 | 6 | $2,300 | $800 | $80 | $1,500 | $150 | $1,000 | $425.00 | $425 | $220.00 |
| Jul-21 | 7 | $2,400 | $900 | $90 | $1,500 | $150 | $1,000 | $425.00 | $425 | $310.00 |
| Aug-21 | 8 | $2,400 | $900 | $90 | $1,500 | $150 | $1,000 | $425.00 | $425 | $310.00 |
| Sep-21 | 9 | $2,400 | $900 | $90 | $1,500 | $150 | $1,000 | $425.00 | $425 | $310.00 |
| Oct-21 | 10 | $2,400 | $900 | $90 | $1,500 | $150 | $1,000 | $36.02 | $814 | $310.00 |
| Nov-21 | 11 | $2,400 | $900 | $90 | $1,500 | $150 | $1,000 | | $850 | $310.00 |
| Dec-21 | 12 | $2,400 | $900 | $90 | $1,500 | $150 | $1,000 | | $850 | $310.00 |
| Jan-22 | 13 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Feb-22 | 14 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Mar-22 | 15 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Apr-22 | 16 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| May-22 | 17 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Jun-22 | 18 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Jul-22 | 19 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Aug-22 | 20 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Sep-22 | 21 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Oct-22 | 22 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Nov-22 | 23 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Dec-22 | 24 | $4,225 | $1,725 | $173 | $2,500 | $250 | $1,000 | | $1,950 | $852.50 |
| Jan-23 | 25 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Feb-23 | 26 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Mar-23 | 27 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Apr-23 | 28 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| May-23 | 29 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Jun-23 | 30 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Jul-23 | 31 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Aug-23 | 32 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Sep-23 | 33 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Oct-23 | 34 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Nov-23 | 35 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Dec-23 | 36 | $4,725 | $1,725 | $173 | $3,000 | $300 | $1,000 | | $2,400 | $852.50 |
| Jan-24 | 37 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Feb-24 | 38 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Mar-24 | 39 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Apr-24 | 40 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| May-24 | 41 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Jun-24 | 42 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Jul-24 | 43 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Aug-24 | 44 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Sep-24 | 45 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Oct-24 | 46 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Nov-24 | 47 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Dec-24 | 48 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Jan-25 | 49 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Feb-25 | 50 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Mar-25 | 51 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Apr-25 | 52 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| May-25 | 53 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $3,300 | $852.50 |
| Jun-25 | 54 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | $1,210 | $852.50 | $2,089.55 |
| Jul-25 | 55 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | | $852.50 | $3,300.00 |
| Aug-25 | 56 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | | $852.50 | $3,300.00 |
| Sep-25 | 57 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | | $852.50 | $3,300.00 |
| Oct-25 | 58 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | | $852.50 | $3,300.00 |
| Nov-25 | 59 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | | $852.50 | $3,300.00 |
| Dec-25 | 60 | $5,725 | $1,725 | $173 | $4,000 | $400 | $1,000 | | | $852.50 | $3,300.00 |
| Total | $273,000 | $93,000 | $9,300 | $180,000 | $18,000 | $60,000.00 | $3,861.02 | $115,849.43 | $44,100.00 | $21,889.55 |